IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARL N. RODGERS, | 6:15-CV-02236-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | |
| Defendant. | |

ALAN STUART GRAF
208 Pine Street
Floyd, VA 24091
(540) 745-2519

    Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2731

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Darl N. Rodgers seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

   Plaintiff filed an application for DIB on August 3, 2012, alleging a disability onset date of April 6, 2010.  Tr. 135.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 16, 2014.

---

   [1] Citations to the official transcript of record filed by the Commissioner on May 24, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 35-61. Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified. The ALJ issued a decision on July 23, 2014, in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 21-30. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on September 25, 2015, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. See *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born December 17, 1959, and was 54 years old at the time of the hearing. Tr. 135. Plaintiff completed high school. Tr. 40. Plaintiff has past relevant work experience as a cabinet maker. Tr. 58.

Plaintiff alleges disability due to Perth's disease, leg and foot pain, and lower-back pain. Tr. 151.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. See Tr. 25-27.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

3 - OPINION AND ORDER

Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

4 - OPINION AND ORDER

2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

5 - OPINION AND ORDER

impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his April 6, 2010, alleged onset date.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of "left femoral acetabular impingement with mildly reduced hip range of motion; bilateral plantar pain of undetermined etiology; and cervicalgia with spasm but no associated neurological deficits."  Tr. 23.  The ALJ found

7 - OPINION AND ORDER

Plaintiff's impairment of "borderline diabetes mellitus" is nonsevere. Tr. 24. The ALJ also found Plaintiff's alleged mental limitations are not a medically determinable impairment. Tr. 24.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 24. The ALJ found Plaintiff has the RFC to perform "less than light work" and that Plaintiff can frequently lift 20 pounds, climb ramps and stairs, and "reach all planes"; can occasionally stoop, crouch, kneel, and crawl; and can sit, stand, and walk "each for six hours for a combined total of eight hours . . . in an eight-hour work day." Tr. 24. The ALJ found Plaintiff "requires the option to change positions from stand to sit approximately two times per hour without interrupting essential tasks." Tr. 24. The ALJ also found Plaintiff should never operate foot controls or be exposed to hazards. Tr. 24.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work. Tr. 28.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) implicitly rejected the opinion of Christopher Corbett, Psy.D., examining psychologist and (2) found at Step Two that Plaintiff's mental limitations are nonsevere.

## I. The ALJ erred when she failed to address Dr. Corbett's opinion.

Plaintiff asserts the ALJ erred when she implicitly rejected Dr. Corbett's September 2013 opinion.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

In September 2013 Plaintiff was referred to Dr. Corbett for a vocational rehabilitation evaluation "to determine if [Plaintiff] has a neurocognitive disorder, deficit in memory, learning disability, or a mood or personality disorder and to

9 - OPINION AND ORDER

recommend appropriate accommodations and services to enable him to be successful in educational and employment related activities." Tr. 388. Dr. Corbett concluded Plaintiff is

> easily overwhelmed by new or complex tasks and his effort fades quickly and he becomes anxious and agitated when he does not believe be can do something. [Plaintiff] has a very poor view of his own cognitive abilities. The testing showed that he struggled with some academic tasks, but he did not do as poorly as he believes. He reported multiple times that he is not able to read, but his testing clearly shows that he is able to read and write with Passage Comprehension and Writing Sample subtest scores in the Average Range. He did show significant deficits in the fluency subtests, which measure how quickly he is able to perform tasks. He doubts himself to the point where he does not have faith in his ability to complete a cognitive task quickly without rechecking it. [Plaintiff's] testing did not display a significant discrepancy between his measured IQ and the Broad Cluster scores on the achievement testing and he does not meet criteria for a learning disorder.

Tr. 395. Dr. Corbett noted Plaintiff was "easily distracted" during his evaluation, but his "distractibility did not appear to be overwhelming or uncontrollable. . . . Rather than a significant deficit in his attention, [Plaintiff's] distractibility appears to be a way to change the subject or to avoid a task that he expects to fail." Tr. 395.

Dr. Corbett was concerned Plaintiff

> is easily overwhelmed by tasks that should not be too difficult and that he gives up too easily, believing that he is helpless. He has very limited faith in his ability to perform tasks appropriately. While he does struggle with academic tasks, he is able to perform many of

10 - OPINION AND ORDER

> those tasks adequately. It is my belief that his fluency, or speed at which he performs a task, will significantly improve as he becomes more and more familiar with a required task.

Tr. 395. Dr. Corbett, however opined Plaintiff's "mood, anxiety and self worth will likely improve significantly when he is able to find gainful employment." Tr. 395. Ultimately Dr. Corbett concluded Plaintiff "did not display any significant learning disabilities" and diagnosed Plaintiff with an "adjustment disorder with mixed depression and anxiety." Tr. 396. Dr. Corbett noted Plaintiff "would benefit from dictation software that would allow him to express something much quicker than if he were to write it." Tr. 397. Dr. Corbett recommended Plaintiff use assistance with completing job applications and creating a resume because his "academic skills are poor and he has little faith in them." Tr. 397. Dr. Corbett also recommended Plaintiff use a word-processing program when he has to perform a writing task because he has poor spelling skills.

The ALJ concluded at Step Two that the record did not support a "finding of [a] learning disorder that would functionally limit [Plaintiff']s ability to perform basic work related tasks." Tr. 24. The ALJ noted Plaintiff underwent "neuropsychological studies" in September 2013 at the request of a Vocational Rehabilitation Coordinator "in which only some adjustment disorder with mixed depression and anxiety was assessed." Tr. 24. The ALJ did not directly reference or

11 - OPINION AND ORDER

address Dr. Corbett's opinion, did not evaluate Dr. Corbett's opinion, and did not find Plaintiff suffered from any mental or psychological limitations.

The Court concludes on this record that the ALJ erred when she failed to evaluate Dr. Corbett's opinion because she did not provide clear and convincing reasons supported by substantial evidence in the record for not assessing Dr. Corbett's finding that Plaintiff suffered from an adjustment disorder with mixed depression and anxiety.

## II. The ALJ erred at Step Two.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work

situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted). The "step-two inquiry is 'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe at Step Two does not prejudice a claimant if the ALJ considered the impairments when formulating his assessment of Plaintiff's RFC. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

Plaintiff asserts the ALJ erred at Step Two when she found Plaintiff did not have any mental limitations that constituted severe impairments because in so doing the ALJ failed to evaluate Dr. Corbett's opinion. As noted, the ALJ's sole reference to

13 - OPINION AND ORDER

Dr. Corbett's opinion was the statement that Plaintiff underwent neuropsychological evaluation and was assessed with "only some adjustment disorder with mixed depression and anxiety." Tr. 24.

The Court has already concluded the ALJ erred when she failed to evaluate Dr. Corbett's opinion. On this record, therefore, the Court also concludes ALJ erred at Step Two when she found Plaintiff's mental limitations are nonsevere because she did not reach that conclusion based on substantial evidence in the record. In addition, the Court concludes the error is not harmless because the ALJ did not include any mental limitations in her assessment of Plaintiff's RFC. *See Burch*, 400 F.3d at 682.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

14 - OPINION AND ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred when she failed to address Dr. Corbett's September 2013 opinion. Dr. Corbett, however, did not opine Plaintiff is disabled or unable to do any work as a result of his mental limitations, and it is not clear on this record whether the ALJ would have found Plaintiff disabled if the ALJ had credited Dr. Corbett's opinion. The Court, therefore, concludes this matter must be remanded.

15 - OPINION AND ORDER

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order specifically to allow the ALJ to evaluate Dr. Corbett's opinion, to reassess Plaintiff's RFC, and to determine whether Plaintiff is disabled of the ALJ's assessment of Dr Corbett's opinion and Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 7th day of February, 2017.

_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER